IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL HERIBERTO FABIAN-BALTAZAR,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 1:13-CR-00032-AWI-BAM<br><br>ORDER DENYING PETITIONER'S MOTION TO CORRECT, VACATE OR SET ASIDE SENTENCE PURSUANT TO 28 U.S.C. SECTION 2255<br><br>(Doc. 29) |

**I. INTRODUCTION**

This matter arises from the guilty plea of Petitioner Abel Heriberto Fabian-Baltazar ("Petitioner"). Petitioner is currently incarcerated at the Taft Correctional Institution. Petitioner brings a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 based on ineffective assistance of counsel. Petitioner lists three grounds to support his claim for ineffective assistance of counsel: (1) failure to file a notice of appeal after sentencing as expressly requested by Petitioner, (2) failure to object to the Government's breach of the plea agreement and the safety valve reduction, and (3) failure to file a motion to suppress evidence seized in an unlawful search. For the following reasons, Petitioner's motion pursuant to section 2255 will be denied.

## II. FACTS AND PROCEDURAL BACKGROUND

On December 18, 2012, near Madera, California, California Highway Patrol ("CHP") officers conducted a traffic stop on a 2009 Honda Civic. The driver was identified as Abel Heriberto Fabian-Baltazar on his Mexican driver's license and passport. The CHP service canine alerted the officers to the odor of narcotics. Petitioner then consented to a search of the vehicle. A search of the trunk revealed many scented items including Bounce fabric sheets, dish soap, bleach and a bag of laundry detergent, which officers believed were being utilized as masking agents. The trunk also contained a box of Fresh Step kitty litter, which when picked up and shaken, did not feel like kitty litter, but instead bulky items shifted inside the box. Upon opening the litter box, officers found six separate Ziploc bags, all containing packaged quantities of methamphetamine. Petitioner was then placed under arrest. Officers seized the vehicle's registration confirming that the vehicle was registered to Petitioner. Officers also found travel documents revealing that Petitioner had flown into San Jose, California, from Guadalajara, Mexico, on December 13, 2012, with intentions of returning to Mexico, on December 24, 2012.

Petitioner was charged with possession with intent to distribute methamphetamine in violation of Title 21 United States Code §§ 841(a)(1) and (b)(1)(A); and a forfeiture allegation pursuant to Title 21, United States Code § 853. On August 5, 2013, Petitioner and the Government entered a plea agreement in which the Petitioner pled guilty to Count One, possession with intent to distribute 50 grams or more of methamphetamine. Doc. 21 at 2:4-6. On December 16, 2013, Petitioner was sentenced to 120 months in prison. Doc. 27. On June 23, 2014, Petitioner filed this motion pursuant to 28 U.S.C. § 2255. Doc. 29. The motion is ripe for screening.

## III. LEGAL STANDARD

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect

which inherently results in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under Rule 4(b) of the Rules Governing section 2255 Proceedings, when a court receives a section 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See United States v. Quan, 789 F.2d 711, 715 (9th Cir.1986).

Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919, 924 (9th Cir.2003). Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. § 2255. The court may deny a hearing if the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted. Mere conclusory statements or statements that are inherently incredible in a section 2255 motion are insufficient to require a hearing. United States v. Howard, 381 F.3d 873, 879 (9th Cir. 2004); United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980).

### IV. DISCUSSION

**A. Ineffective Assistance of Counsel**

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The Court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. The [petitioner] bears the burden of showing 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [petitioner] by the Sixth Amendment.'" Gonzalez v. Wong, F.3d 965, 987 (9th Cir. 2011).

To establish a constitutional violation for ineffective assistance of counsel actionable under section 2255, petitioner must demonstrate (1) a deficient performance by counsel, and (2) prejudice to petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v.

3

Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005). To prove deficient performance of counsel, the petitioner must demonstrate that his attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985). To show prejudice, petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 668 at 694. In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); United States v. Alvarez-Tautimez, 160 F.3d 573, 577 (9th Cir. 1998). A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong; "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, … that course should be followed." Strickland, 466 U.S. 668 at 697.

**1. Failure to File a Notice of Appeal**

Petitioner contends that trial counsel was ineffective for failing to file a "notice of appeal" with the Court after his sentence was imposed. A notice of appeal was not filed because Petitioner waived his right to appeal. Petitioner maintains that he had discussed an appeal both before and after his sentencing. Doc. 29 at 5.

Despite the petitioner having understood and subsequently having waived his right to appeal, the court in U.S. v. Sandoval-Lopez held that the petitioner retained the right to appeal. U.S. v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). The court held that a section 2255 petitioner has a valid ineffective assistance of counsel claim when: (1) the petitioner can show that he or she asked that an appeal be filed on their behalf, and (2) that counsel failed to file a timely notice of appeal, despite having waived this right pursuant to a plea agreement. Id. at 1198. These two requirements show deficient performance by counsel and prejudice to the petitioner as specified by the Strickland test. The court in Roe v. Flores-Ortega held that the deficient performance prong of the Strickland test is satisfied when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for

4

appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). The Roe court also held that to show prejudice, the petitioner "must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. 470 at 484. The petitioner does not need to show that meritorious grounds for appeal exist, but simply that the petitioner promptly expressed a desire to appeal, and lost the opportunity to file the appeal. Sandoval-Lopez, 409 F.3d 1193 at 1196.

The Petitioner states in his moving papers that "but for his attorney's deficient performance, he would have taken an appeal…." Doc. 29 at 8. Accordingly, Petitioner alleges facts that, if true, meet the requirements set out in Sandoval-Lopez.

However, this case is distinguishable from Sandoval-Lopez in one critical respect. In Sandoval-Lopez, Sandoval-Lopez merely waived his right to appeal in his written plea agreement. Sandoval-Lopez, 409 F.3d 1193 at 1194. There were no facts showing that Sandoval-Lopez also waived his right to challenge his conviction on collateral attack in his plea agreement. Here, Petitioner waived his right to collateral attack in his plea agreement. Petitioner's plea agreement states, "The defendant also waives his right to challenge his conviction, sentence or the manner in which it was determined in any post-conviction attack, including but not limited to a motion brought under Title 28, United States Code, Sections 2241 or 2255." Doc. 21 at 3:15-17.

The general rule is that a waiver cannot bar a claim that relates to the validity of the waiver itself. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Claims of ineffective assistance of counsel often implicate the validity of plea agreements that are secured through the efforts of the allegedly ineffective assistance of counsel, those claims are not normally considered waived by the plea agreements. See United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). However, the Ninth Circuit has recognized that courts should enforce a waiver of the right to collaterally review a conviction if "(1) the language of the waiver encompasses the defendant's right to [dispute] the grounds claimed…, and (2) the waiver is knowingly and voluntarily made." United States v. Ligon, 461 F.App'x 582, 583 (9th Cir. 2011) (quoting United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000)). In United States v. Ligon, the court affirmed the district

court's dismissal of Ligon's petition because "Ligon knowingly and voluntarily waived his right to collaterally attack his … conviction." Ligon, 461 F.App'x 582 at 583. Similarly, this Court has previously followed this reasoning and held that it is "reluctant to read Sandoval-Lopez to permit a district court to refuse to enforce an admittedly voluntary waiver of collateral review based on a finding that an issue may be meritorious [had it not been] waived." Loviano v. United States, 1:09-cr-00272, 2014 WL 3362210, *2 (E.D. Cal. July 8, 2014); see United States v. Barraza, 2014 WL 3867423, *4-5 (E.D. Cal. 2014).

The section 2255 motion filed by Petitioner is a form of collateral relief encompassed by the plea agreement. In addition, Petitioner has made no claim in his section 2255 motion that the waiver of his right to collaterally attack his conviction and sentence was not knowingly and voluntarily made. Therefore, the Court finds that Petitioner knowingly and voluntarily entered into the plea agreement waiving his right to collateral attack, and the Court will enforce this agreement. Accordingly, the Court finds that Petitioner is not entitled to an evidentiary hearing on this claim as Petitioner does not have a meritorious claim. This claim will be dismissed.

**2. Failure to Object to Government Breach of Plea Agreement**

In Petitioner's second ground for ineffective assistance of counsel, he contends that defense counsel failed to object to the Government's breach of the plea agreement. Petitioner maintains that he meets the safety valve criteria and that the statutory minimum sentence of ten years does not apply. The statutory minimum term of imprisonment for possession with intent to distribute methamphetamine is 10 years. 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A). Petitioner pled guilty to possession with intent to distribute 50 grams or more of methamphetamine. Doc. 21 at 2:4-5. Petitioner's plea agreement specified that the mandatory minimum term of imprisonment for the offense was ten years imprisonment. Doc. 21 at 7. Nowhere in the plea agreement is there any representation or promise by the government that the mandatory minimum would not apply. Doc. 21. Rather, the government agreed to recommend an acceptance of responsibility reduction and a "safety valve" reduction. Doc. 21 at 5.

In order to evaluate this claim the Court must explain the sentencing calculation. The Court recently ordered the release of the presentence report to Petitioner at the request of the Federal

1  Defender. Doc. 32. The guideline calculation found therein is consistent with the Court's own
2  calculation using the 2013 Sentencing Guidelines, and is as follows: The base offense level was 38
3  because Petitioner was found to be in possession of 2,636 grams of actual methamphetamine.
4  U.S.S.G. § 2D1.1(c)(1) (2013); Doc. 24 at 6. Petitioner then received a 2-level "safety valve"
5  reduction in accordance with U.S.S.G. § 2D1.1(b)(16) because he met the criteria set forth in
6  subdivisions (1) – (5) of subsection (a) of U.S.S.G. § 5C1.2. U.S.S.G. § 2D1.1(b)(16) (2013); Doc.
7  30 at 7; Doc. 24 at 6. Petitioner also received a 3-level departure for acceptance of responsibility
8  and assistance with authorities in the investigation. U.S.S.G. 3E1.1; Doc. 30 at 7; Doc. 24 at 6.
9  This resulted in a total offense level of 33. Petitioner had a criminal history category of I. The
10 sentencing guidelines provided for a range of imprisonment exceeding the statutory minimum,
11 specifically 135 to 168 months. The government recommended that the Court sentence Petitioner
12 to a low-end guideline sentence of 135 months. Doc. 26 at 2:17-18. Petitioner was sentenced
13 below the government's recommendation of 135 months, to the mandatory minimum; 120
14 months.[1] Therefore the Government did not breach the plea agreement because Petitioner received
15 all of the departures that the government agreed to recommend, and the Court sentenced below the
16 guideline range. Petitioner fails to show facts that the Government breached the plea agreement,
17 therefore defense counsel's failure to object at sentencing is not a meritorious ground for
18 ineffective assistance of counsel. Accordingly, Petitioner is not entitled to an evidentiary hearing
19 for this claim. This claim will be dismissed.

20 **3. Failure to File a Motion to Suppress Evidence**

21    Petitioner's final ground of ineffective assistance of counsel is that defense counsel failed
22 to file a meritorious motion to suppress evidence seized in violation of the Fourth Amendment.
23 Petitioner contends that he was unlawfully stopped for a traffic stop because he was racially
24 profiled. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty
25 of the offense with which he is charged, he may not thereafter raise independent claims relating to
26 the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v.

---

[1] Because petitioner was sentenced to the mandatory minimum, he cannot benefit from Amendment 782 to the sentencing guidelines. He is ineligible for a sentence reduction pursuant to 18 U.S.C. 3582(c)(2) on that ground.

Henderson, 411 U.S. 258, 267 (1973). An intentional and voluntary guilty plea bars the later assertion of constitutional challenges. See U.S. v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992). As discussed above, the Court has found that Petitioner knowingly and voluntarily entered into his plea agreement with the Government. Since Petitioner voluntarily entered a plea of guilty, any antecedent constitutional violations are waived. Based on the foregoing, the Court finds that Petitioner is not entitled to an evidentiary hearing on this claim as Petitioner does not have a meritorious argument. This claim will be dismissed.

## V. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or district judge issues a certificate of appealability ("COA"), an appeal may not be taken to the court of appeals from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 479 (2000). The Ninth Circuit will not act on a motion for a COA if the district court has not ruled first. Ninth Cir. R. 22-1(a); Wilson v. Belleque, 554 F.3d 816, 827 (9th Cir. 2009).

Here, jurists of reason would not find it debatable whether Petitioner's motion states a valid claim of the denial of a constitutional right. The plea agreement demonstrates on its face a knowing and voluntary waiver of the right to challenge the sentence under section 2255, and Petitioner has not raised new facts or allegations demonstrating the contrary. Petitioner's grounds for ineffective assistance of counsel fail to show denial of a constitutional right. There are no facts to show that the government breached the plea agreement, and Petitioner's entry of a voluntary guilty plea waived any antecedent constitutional violations. Hence, the Court declines to issue a COA.

///

///

///

**VI. ORDER**

Based on the foregoing, it is hereby ORDERED that:

    Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 21 U.S.C. § 2255 is DISMISSED;

    The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   March 30, 2015                     /s/ 
                                        SENIOR DISTRICT JUDGE