IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>            v.<br><br>ABEL HERIBERTO FABIAN-BALTAZER,<br><br>                        Defendant. | CASE NO.  1:13-CR-00032 AWI<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 42) |

      The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revises the Drug Quantity Table in USSG § 2D1.1 and reduces by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant has already received a reduction to the bottom of the amended guideline and the Court is without authority to lower the sentence further. The Government is correct; the defendant is ineligible for any further reduction.

      Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical

1

types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

The final Presentence Report recommended the following guidelines computation:  a base offense level of 38, reduced two levels for safety-valve, reduced three levels for acceptance of responsibility, for a total offense level of 33, a criminal history category I, and sentencing range of 135 to 168 months.  On December 16, 2013, the Court sentenced the defendant to a term of 120 months.  Doc. 27, 28.

On November 23, 2015, the parties stipulated to the defendant's eligibility for a sentencing reduction to the bottom of the amended guideline range (108 to 135 months) pursuant to Amendment 782 and Title 18, United States Code, Section 3582(c)(2).  The Court granted the request on that same day, ordering the defendant's sentence reduced to 108 months.

The defendant now moves to reduce his sentence, asserting that his original offense level was 31 (and not 33 as provided by the PSR), and that his original guideline range was 108 to 135 months (and not 135 to 168 months).  However, the defendant is incorrect and the Court may not reduce his sentence below the bottom of the amended guideline range.

Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  *United States v. Dunn*, 728 F.3d at 1155. In Section 1B1.10(b)(2)(A), the Commission, consistent with the statutory directive that it determine in what circumstances and by what amount to reduce the sentences of prisoners, makes clear that a sentencing court is not authorized to reduce a defendant's sentence below the bottom of the amended sentencing range.  U.S.S.G. § 1B1.10(b)(2)(A) (stating with one exception not applicable here, that  "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range"). "The Court is constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"  *Dillon v. United States,* 560 U.S. 817, 826 (2010); *United States v. Tercero*, 734 F.3d 979, 981-82 (9th Cir. 2013).

///

The Court may only reduce the defendant's sentence to a term of 108 months. Having previously done so, the defendant's request for a sentence of 97 months is DENIED.

IT IS SO ORDERED.

Dated:   January 11, 2016                          _____
                                                   SENIOR DISTRICT JUDGE