# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ABEL HERIBERTO FABIAN-BALTAZAR aka Abel Heriberto Fabia Baltazar,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | CASE NO. 1:13-CR-0032-AWI<br>(Civil Case No. 1:14-CV-00984 AWI)<br><br>ORDER ON PETITIONER'S 28 U.S.C. § 2255 PETITION AND ORDER FOR RE-ENTRY OF JUDGMENT |

This is a petition for relief from sentence under 28 U.S.C. § 2255. Petitioner contends *inter alia* that his counsel failed to file a notice of appeal, despite his instruction to his counsel to do so, and failed to consult him about an appeal.

On March 31, 2015, the Court denied this petition and relied on a waiver that was found in Petitioner's plea bargain. See Doc. No. 33. On December 14, 2017, the Ninth Circuit affirmed the denial. See Doc. No. 56. However, the Supreme Court remanded the matter to the Ninth Circuit in light of *Garza v. Idaho*, 139 S.Ct. 738 (2019).

On July 30, 2019, the Ninth Circuit remanded the petition to this Court. United States v. Fabian-Baltazar, 931 F.3d 1216, 1218 (9th Cir. 2019). In relevant part, the Ninth Circuit held: "The district court should therefore determine on remand whether [Petitioner expressly instructed his counsel to file a notice of appeal], and if not, whether counsel failed to consult, and if so, whether that failure constituted deficient performance. *See United States v. Sandoval-Lopez*, 409 F.3d 1193, 1198 (9th Cir. 2005) . . . ." Id.

On September 23, 2019, mandate issued on the Ninth Circuit's opinion. This order follows the Ninth Circuit's instructions and concludes that relief should be granted.

1 | *Background*

2 | On August 5, 2013, Petitioner and the Government entered a plea agreement in which the
3 | Petitioner pled guilty to a violation of 21 U.S.C. § 841(a)(1) , possession with intent to distribute
4 | 50 grams or more of methamphetamine. See Doc. No. 21. On December 16, 2013, Petitioner was
5 | sentenced to 120 months in prison. See Doc. No. 27. On June 23, 2014, Petitioner filed this
6 | motion pursuant to 28 U.S.C. § 2255. See Doc. No. 29.

7 | *Petitioner's Argument*

8 | In pertinent part, Petitioner argued that his attorney failed to consult with him regarding an
9 | appeal following his guilty plea and sentencing, which resulted in a violation of his Sixth
10 | Amendment rights to effective assistance of counsel. Prior to sentencing while Petitioner was in
11 | the holding cell in federal court, Petitioner's counsel, Roger Shafer, told him that the Pre-Sentence
12 | Report had recommended a 140-month term, which was higher than the 7 to 8 year sentence that
13 | counsel had indicated was typical for Petitioner's crime. Petitioner told his attorney that he
14 | wanted to appeal the excessive sentence. Petitioner was later sentenced to 120 months that day.
15 | Two days after sentencing, petitioner called Mr. Shafer's office and spoke to his counsel's
16 | secretary. Petitioner told the secretary that he wanted to speak to Mr. Shafer regarding an appeal.
17 | After apparently consulting with Mr. Shafer, the secretary informed Petitioner that Mr. Shafer had
18 | never appealed any case and that Petitioner needed to go to the law library at the jail to request an
19 | appeal form, and then he should file the appeal in court. Petitioner argues Mr. Shafer's failure act
20 | on his express direction to file an appeal, including the failure to engage in any consultations or
21 | make reasonable efforts to do discover Plaintiff's thoughts concerning an appeal, resulted in
22 | Petitioner receiving ineffective assistance of counsel.

23 | *Respondent's Opposition*

24 | The United States points to a declaration by Mr. Shafer and argues that Petitioner never
25 | instructed Mr. Shafer to file a notice of appeal after sentencing. Although Mr. Shafer
26 | acknowledges that Petitioner contacted his office shortly after sentencing, Petitioner called to
27 | request a file, not to request an appeal. Therefore, because there was no request for Shafer to file a
28 | notice of appeal, Mr. Shafer was not deficient for failing to do so. Further, the United States

argues that Mr. Shafer was not deficient for failing to consult with Petitioner about an appeal. At the plea colloquy, Petitioner was told that the offense to which he was pleading guilty carried a mandatory minimum sentence of 10 years unless he qualified for a safety valve, that the Court would impose a sentence after reviewing the pre-sentence report, and that the Court could impose a sentence that was different from any estimate his attorney may have given him. At sentencing, Mr. Shafer advocated for 70 month sentence, but that request was denied because the Court could not find that Petitioner played only a minor role in the offense. However, based on mitigating factors, the Court varied downward from the recommended 140 month sentence to a 120 month sentence. Mr. Shafer was successful in obtaining a lower sentence than what was recommended. Due to the appellate waiver, the only claims possible deal with issues that are not applicable to Petitioner's case. As a result, there was no reason for Mr. Shafer to consult with Petitioner about an appeal following the sentence.

*Petitioner's Reply*

Petitioner argues that the record now clearly shows that Mr. Shafer did not consult with him about an appeal and that the failure was deficient. The record shows that Petitioner wanted to exercise his right to take an appeal. At the sentencing, Petitioner said that he wanted to see if there was help in any other way because he felt his sentence was unfair. The Court responded that Petitioner had waived his right to appeal. Despite Petitioner's statement, Mr. Shafer did not consult with Petitioner or file a notice of appeal. Because prejudice is presumed when an attorney fails to file an appeal or consult about an appeal, Petitioner has been prejudiced and the remedy is to re-enter judgment so as to permit a direct appeal.

*Respondent's Sur-Reply*

The United States responds that Petitioner's statement to the Court about other help was ambiguous. Moreover, after trial counsel argued for a lower sentence then that recommended by the presentence report, Petitioner simply apologized to the Court and the United States. Petitioner's apology, coupled with an ambiguous statement at the end of the sentencing proceeding, a knowing and voluntary guilty plea, and an advisement that the court could reject the sentencing recommendation, is inconsistent with someone who intends to appeal or expects his

3

lawyer to consult with him about an appeal. Therefore, Mr. Shafer was not constitutionally deficient for failing to consult with Petitioner.

*Declarations & Transcripts*

1. <u>Declaration of Roger Shafer (Doc. No. 63)</u>

In pertinent part, Mr. Shafer declared:

I am the former attorney for the petitioner herein.

At no time after the petitioner's sentencing on December 16, 2013, did the petition instruct me to file a notice of appeal on his behalf.

Petitioner and I have never discussed an appeal after his sentencing.

The only communication from Petitioner after his sentencing was a request for a copy of his file, which was sent to him on January 27, 2014 . . . .

There were no consultations with the petitioner after sentencing or after a copy of his file was sent to him regarding an appeal.

2. <u>Declaration of Fabian-Baltazar (Doc. No. 67-1)</u>

As part of his reply, Petitioner declared in relevant part:

[On December 16, 2013,] [w]hile I was waiting in the courtroom to be sentenced, Mr. Shafer approached me with my [Pre-Sentence Report]. Mr. Shafer does not speak Spanish and asked one of the other defendants sitting in the jury box with me to translate. I understood Mr. Shafer to tell me that the PSR was recommending a sentence of 140 months. I became upset and told Mr. Shafer that was far in excess of the 7 to 8 years he had advised me to expect. I told him that I wanted to continue to fight my case. He told me to wait and see what actually happened at sentencing.

After the Court imposed a 10 year sentence, I immediately stated on the record that I wanted help fighting my case because I did not believe what had happened in my case had been fair.

Mr. Shafer did not come see me following sentencing.

. . . I called [Mr. Shafer's] office within two days. I spoke with Mr. Shafer's secretary who speaks Spanish. I explained that I wanted to continue fighting my case because what had happened was not fair. She put me on hold and when she came back on the telephone she represented that she had spoken to Mr. Shafer and that he indicated that he would not appeal my case.
. . .

I never spoke with Mr Shafer following my sentencing on December 16, 2013.

3. <u>Sworn Petition (Doc. No. 29)</u>

Petitioner's § 2255 petition is signed by Petitioner under penalty of perjury and is declared

4

true and correct. In pertinent part, Petitioner's petition reads:

> By all accounts, petitioner had only one conversation with his trial attorney and the second with his secretary by telephone . . . regarding the issue of an appeal.
>
> Accordingly, this conversation with counsel was initiated prior to sentencing when he was called to the holding cell at federal court and petitioner was told by counsel that the [Pre-Sentence Report] recommended a 140-month term of imprisonment, he asked his attorney that he wanted to appeal that excessive sentence since he was told by counsel that only 7 to 8 years will be imposed for this type of crimes [sic]. Furthermore, 2 days after sentencing of petitioner . . ., petitioner called to counsel's office in which time counsel's secretary . . . answered the phone. Then, petitioner asked to speak with counsel regarding an appeal when [the secretary] conferred with counsel about petitioner's inquiry while he was waiting in line to counsel's answers. She come back to the telephone in continuing conversation to petitioner which petitioner was told by [the secretary] that "counsel said that he never had appealed before any case and that he need to go to the law library at the jail to request for a notice of appeal form and then to file with the court."

4. <u>Change of Plea Hearing (Doc. No. 51)</u>

As part of the change of plea hearing, Petitioner: (1) affirmed that he had reviewed the plea agreement, fully discussed the agreement with his counsel, and understood everything in the agreement; (2) affirmed that he understood that the Court could imposed a sentence that is more sever than Petitioner may anticipate; (3) affirmed that he understood that he faced a mandatory minimum sentence of 10 years, unless he qualified for a safety valve; (4) affirmed that the Court cannot determine a sentence until after a pre-sentence report is prepared and the sentence imposed may be different from any estimate his attorney may have given him; and (5) affirmed that he was giving up his right to appeal his case, including his sentence.

5. <u>Sentencing Hearing (Doc. No. 30)</u>

At the December 16, 2013, sentencing hearing, when asked if he wished to say anything about the report or sentence before sentence was imposed, Petitioner responded: "My most heartfelt apologies for both to you and to the United States."

After the Court imposed a 120-month sentence, the Court asked Petitioner if he understood the sentence imposed. Petitioner responded, "Yes, but what I would like to see if there is any way that I could be helped in any other way, someone that could help me more because I don't feel that this is fair." The Court responded, "Okay. I do note that you have waived your right to appeal. Anything further on behalf of defense?" Mr. Shafer responded, "No, your honor."

5

*Legal Standard*

A successful claim of ineffective for ineffective assistance of counsel requires proof of deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Fabian-Baltazar, 931 F.3d at 1217. Even if a defendant has signed an appeal waiver, an attorney provides ineffective assistance of counsel by failing to file a notice of appeal after a client requests that the attorney do so. Garza v. Idaho, 139 S.Ct. 738, 747 (2019); Fabian-Baltazar, 931 F.3d at 1217. Further, prejudice is presumed when a defendant is deprived of an appeal that he waived but nonetheless tried to assert. See Garza, 139 S.Ct. at 749; Fabian-Baltazar, 931 F.3d at 1217.

If a defendant does not expressly instruct his attorney to file an appeal that he waived, and instead his wishes are "less clear," a slightly different standard applies. Fabian-Baltazar, 931 F.3d at 1217-18. If a defendant's wishes are "less clear," but counsel has "consulted" with the defendant, counsel "performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); Fabian-Baltazar, 931 F.3d at 1218. If counsel has not consulted with the defendant, the question becomes whether counsel's failure to consult with the defendant itself constitutes deficient performance. Flores-Ortega, 528 U.S. at 478; Fabian-Baltazar, 931 F.3d at 1218. The term "consult" conveys a specific meaning: "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Flores-Ortega, 528 U.S. at 478; see also Fabian-Baltazar, 931 F.3d at 1218. "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . ., or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480; United States v. Sandoval-Lopez, 409 F.3d 1193, 1196 (9th Cir. 2005). If a failure to consult is found to be a deficient performance, prejudice is shown if the defendant demonstrates "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484; Sandoval-Lopez, 409 F.3d at 1196.

*Discussion*

a. Relief Under *Garza*

There are two places in the record where Petitioner indicates he instructed Mr. Shafer to appeal. The first instance occurred just before sentencing when Petitioner learned that there was a recommendation for a 140-month sentence, which was significantly more than the 7 to 8 years Mr. Shafer had estimated. However, Petitioner declares that Shafer said to wait and see exactly what happened at sentencing. Petitioner did not declare that he disagreed with this course or that he wanted to appeal no matter what. When the sentence was imposed, it was not the 140-month recommendation, but was instead the mandatory minimum sentencing of 120 months. While greater than 7 to 8 years, it was less than 140 months, and thus an improvement over the recommendation. Given this sequence of events and Petitioner's dissatisfaction with a 140 month sentence, the Court cannot find that Petitioner's statements to Mr. Shafer while they were reviewing the Pre-Sentence Report represents a clearly expressed instruction to appeal.

The second instance involved the telephone call to Mr. Shafer's office. Petitioner did not directly speak to Mr. Shafer in these conversations. Nevertheless, Petitioner's verified petition and his sworn declaration show that he was calling to instruct Mr. Shafer to file an appeal and that Mr. Shafer refused to do so. In contrast, Mr. Shafer declares that Petitioner called to request a copy of a file, which was sent to Petition in late January 2014. Mr. Shafer states that, after the sentencing, Petitioner never instructed him to file an appeal.

There is a material dispute created by the declarations of Petitioner and Mr. Shafer. If Petitioner's version is credited, his petition should be granted under *Garza*. If Mr. Shafer's declaration is credited, further analysis is warranted. Since the Court concludes that Petitioner is entitled to relief under *Flores-Ortega*, the Court will not hold hearing to resolve this dispute.

b. Relief Under *Flores-Ortega*

The record indicates that Mr. Shafer discussed the plea agreement with Petitioner. Petitioner informed this Court that he understood that a sentence imposed could be more severe than any estimates given by his counsel, that he had waived his right to appeal, and that counsel had explained the plea agreement to him. However, the plea colloquy does not indicate that any

7

consultations or discussions occurred specifically about an appeal, other than Petitioner knew he had waived his right to appeal. Further, there is no indication that Mr. Shafer "consulted" with Petitioner about appealing at any time on December 16, 2013, or any time thereafter. In fact, Mr. Shafer admits that he never discussed an appeal after sentencing. The only thing that suggests an appeal was discussed is Petitioner's reply declaration, but that only suggests that Mr. Shafer advised Petitioner to wait and see what the sentence actually would be. There is no indication that a discussion of advantages or disadvantages to an appeal were discussed at any time. Therefore, the Court concludes that there was no "consultation" between Petitioner and Mr. Shafer regarding an appeal of Petitioner's sentence. Without a consultation, the question is whether the failure to consult was deficient.

On the same day as the sentencing hearing, it is uncontested that Petitioner expressed his displeasure with the 140-month recommended sentence because that sentence was substantially higher than Mr. Shafer had estimated. It is further undisputed that Petitioner told Mr. Shafer that, because of the 140-month recommendation, he wanted to appeal or "continue to fight his case" or words to that effect. Although the Court did not follow the recommendation, it imposed a sentence that was about 25% greater than Mr. Shafer had estimated. After the sentence was imposed, Petitioner stated in open court that he wanted to see if he "could be helped in any other way" or if someone could help him because he did not "feel that this is fair." This clearly represents dissatisfaction with the sentence imposed and is consistent with the dissatisfaction that he expressed to Mr. Shafer just before the sentencing hearing began. The Court responded by noting the waiver to appeal, which indicates that the Court thought that Petitioner may have been inquiring about an appeal. When Petitioner's presentence request to appeal/continue fighting his case, his statements to the Court about further help because what happened to him was not fair, and the Court's reference to an appeal are all taken together, it is clear to the Court that Petitioner reasonably demonstrated his interest in appealing.[1] See Flores-Ortega, 528 U.S. at 480, 485;

---

[1] The Court recognizes that Petitioner had been advised during the change of plea hearing that the Court could impose a sentence that was higher than his counsel had estimated and that Petitioner had waived his right to appeal. However, this occurs in every case in which a defendant waives his right to appeal but nevertheless desires to appeal. Even though Petitioner was aware of the possibility of a higher sentence and of the waiver of the right to appeal, he still demonstrated his desire to appeal, both before the sentencing hearing and immediately after sentence was imposed.

8

1  Sandoval-Lopez, 409 F.3d at 1196.  Because Mr. Shafer did not "consult" with Petitioner about an
2  appeal, his performance was deficient.

3  With respect to prejudice, the United States does not address this prong of *Strickland* or
4  *Flores-Ortega*.  Petitioner's reply essentially follows *Garza* and argues that prejudice is presumed.
5  However, *Garza* deals with cases in which a defendant expressly informs his counsel to file an
6  appeal.  In those cases, where "an attorney performed deficiently in failing to file a notice of
7  appeal despite the defendant's express instructions, prejudice is presumed with no further showing
8  from the defendant of the merits of his underlying claims."  Garza, 139 S.Ct. at 750.  In cases in
9  which there is not a clear direction to appeal, and the deficient performance is a failure to consult,
10 *Flores-Ortega* controls.  See id. at 746 n.9.  Under *Flores-Ortega*, prejudice is shown by
11 demonstrating that counsel's failure to consult deprived a petitioner of an appeal that he would
12 have otherwise taken.  See Flores-Ortega, 528 U.S. at 484.  That is, a defendant must demonstrate
13 that had he "received reasonable advice from counsel about the appeal, he would have instructed
14 his counsel to file an appeal."  Id. at 486.  Whether a given defendant can make this showing "will
15 turn on the facts of a particular case."  Id. at 485.

16 Petitioner's petition argues that he believed that the government was in breach of the plea
17 agreement with respect to the applicability of the safety valve, he had retained counsel who would
18 have continued to represent him on appeal, and his conduct reflected a clear intent to pursue his
19 case; he was not seeking an end to the proceedings.  In addition to these points, the Court notes
20 that Petitioner pursued a § 2255 on his own that expressly raised counsel's failure to consult and
21 appeal.  Petitioner appealed this Court's denial of his § 2255 petition.  With the assistance of the
22 public defender, Petitioner appealed the Ninth Circuit's affirmance of this Court's denial of his §
23 2255, continued to pursue relief on these grounds on remand to the Ninth Circuit, and continues to
24 pursue these rounds on remand in this proceeding.  In other words, Petitioner has persistently
25 complained about the failure to consult and failure to appeal at every step in the post-sentencing
26 history of this case.[2]  From the arguments expressed by Petitioner in his petition, Petitioner's

---

[2] The Court notes that Petitioner has been represented in the appellate proceedings and on remand by the Federal Defender's Office.

9

statements before and at the sentencing hearing demonstrating his dissatisfaction with his sentence, as well as the extensive post-sentencing and appellate history of this matter, the Court concludes that, if Mr. Shafer had consulted with Petitioner, Petitioner would most likely have expressly directed Mr. Shafer to file an appeal. As a result, the Court is satisfied that Petitioner has sufficiently demonstrated that Mr. Shafer's failure to consult with him about an appeal caused Petitioner to lose an appeal that he would have otherwise taken. See Flores-Ortega, 528 U.S. at 484-86. That is, the Court is satisfied that Petitioner has demonstrated prejudice.

For a remedy, Petitioner requests that the Court re-enter judgment, which will then reset the deadline for filing an appeal. The Court finds that this an appropriate remedy. See Fabian-Baltazar, 931 F.3d at 1218; Sandoval-Lopez, 409 F.3d at 1198.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's 28 U.S.C. § 2255 petition is GRANTED, as discussed above; and
2. The Clerk is directed to RE-ENTER JUDGMENT in this case.

IT IS SO ORDERED.

Dated: December 26, 2019

_____
SENIOR DISTRICT JUDGE